## COMMISSIONER OF INTERNAL REVENUE v. WURTS–DUNDAS.

### No. 15.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Andrew D. Sharpe, and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Burlingame, Nourse & Pettit, of New York City, for respondent Muriel H. Wurts-Dundas (Central Union Trust Company of New York, Guardian).

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

Section 219 (b) of the Revenue Act of 1921 (42 Stat. 246), so far as now material, provides that the fiduciary shall file the return and that the net income of "the estate or trust" shall be computed in the same manner as that of an individual. By section 212 of the same act (42 Stat. 237), the net income of an individual is made the gross income under section 213, less the deductions allowed

by section 214. This last-mentioned section allows as deductions, inter alia: "(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  *  *  * "

The sole question presented is whether the attorneys' fees paid by the guardian in 1923 were deductible from gross income as ordinary and necessary expenses paid during the taxable year in carrying on a trade or business.

That the guardian was acting in this litigation strictly in the discharge of its duties as such admits of no doubt. In so doing, it is beyond question that reasonable fees paid to attorneys to represent the guardian in an action to which it was a proper party were ordinary and necessary expenses of the guardianship. Compare Kornhauser v. United States, 276 U. S. 145, 152, 48 S. Ct. 219, 72 L. Ed. 505. If they were also expenses of a trade or business, they were deductible; otherwise not. Such expenses are contrasted in the statute with personal, living, or family expenses which are expressly made nondeductible by section 215 (42 Stat. 242). That they were neither living nor family expenses is plain enough. Nor could they have been personal expenses, since the guardian was acting only in its representative capacity to establish its rights as guardian. There is no difference in the nature of expenses incurred and paid for attorneys' fees in securing additional income for the guardianship estate from expenses for the salaries of any employees to care for the income thus made available. When the guardian incurred and paid the expenses involved in this action, it was, to be sure, acting for the benefit of its ward, but it was also acting in the performance of the duties required of it by law and to enable it to perform those duties in the furtherance of its business in doing its work as guardian.

We are told that this case is ruled by our decision in Commissioner of Internal Revenue v. Field, 42 F.(2d) 820. In that case, however, the beneficiary of a trust incurred expenses for attorneys' fees himself. He had no guardian. Field was not in agreement with the other trustees as to his own right to receive, after his brother's death, the portion of the corpus which had been left in trust for that brother. In his own behalf and for his own personal benefit, he employed and paid the attorneys the fees he sought to have deducted from his own gross income as a business expense. We held that the expense of attorneys' fees to Field of the securing by Field of a judgment which established his claimed right to the present unrestricted enjoyment of a portion of the trust estate was a personal expense which he incurred in protecting his own property and for which Congress had not seen fit to allow any deduction. But, where a guardian incurs reasonable and necessary expenses in securing the income to which it is entitled as guardian, it is acting wholly in its capacity as a fiduciary, and is carrying on the business of administering its ward's estate. The income received is the income which results from the guardian's conduct of that business, whatever may be the source of the income. The expenses of the guardian are the expenses of that business. In the end, of course, the ward gets the benefit, if any, and must bear the expense; but the statute in section 219 (b) of the 1921 act provides for the return of income by the guardian and in section 219 (d) requires distributable income to be included whether distributed or not, so that the guardian may be, and no doubt often is, required to include income as of a time before it reaches the ward and before it has actually been withdrawn from the business through which the special circumstances of the ward compel it to be received. Unless the true status of the guardian is confused with that of a mere agent for the ward, it will be seen that the return of income filed by the guardian is to reflect as net income to the ward the remainder of gross income after deducting the ordinary and necessary expenses paid or incurred by the guardian in doing its work in securing for its ward the income the ward receives, remotely from whatever source, but directly from what the necessity for the guardianship has made the business of a guardianship.

The petition to review is denied.