## HUTCHINGS v. BURNET, Commissioner of Internal Revenue.

### No. 5342.

Court of Appeals of District of Columbia.
Argued Feb. 2, 1932.
Decided March 28, 1932.

Ward Loveless and Frederick O. Graves, both of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, and Prew Savoy, all of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Morton K. Rothschild and John G. Remey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal relates to income taxes for the years 1924 and 1925, and is cognate with the appeal of Emma Burt Lansill et al. v. Burnet, Commissioner, 61 App. D. C. 107, 58 F.(2d) 512, decided by us concurrently herewith. The several opinions may be read together.

The issue is whether the appellant taxpayer may take deductions from her gross taxable income for the years 1924 and 1925, (a) for an attorney's fee paid by her for services in a will contest case in which she was a party, (b) for an attorney's fee paid by her for services in a suit contesting her title to certain property, and (c) for an attorney's fee paid by her for services rendered in preparing her income tax return. The controlling statutes are as follows (Revenue Act of 1921, 42 Stat. 227):

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *"

"Sec. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses. * * *"

The corresponding sections of the Revenue Act of 1924, c. 234, 43 Stat. 253, 26 USCA §§ 955(a) (1), 956(a) (1), are identical with the provisions of the act of 1921 quoted above.

On March 2, 1919, Wellington R. Burt, of Saginaw, Mich., died testate leaving a large and valuable estate consisting in part of ore lands which were then under royalty lease. The appellant, a surviving daughter of testator, joined with testator's other next of kin as plaintiffs in a suit to set aside the will. The case was finally settled by a compromise, whereby the ore lands with the leases thereon became the property of appellant and the other next of kin, and were to be held in trust by a designated trustee, and the royalties to be collected by the trustee and distributed periodically to them. Appellant in the year 1924 paid the attorney who represented her in the case the sum of $3,246.58.

Afterwards a suit was brought against appellant and other heirs at law of the testator by one Henry Gamble, who claimed to be the owner of a one-fourth interest in testator's estate. This suit was successfully defended by appellant and her codefendants, and in the year 1925 appellant paid the sum of $19,089.82 as reasonable and necessary expenses and attorney fees incurred in the case.

In the year 1925 appellant paid the sum of $152.91 for reasonable and necessary attorney's fees and expenses in preparing her income tax returns for the year 1924.

The deductions taken by appellant in her returns for 1924 and 1925 for these payments were all disallowed by the Commissioner of Internal Revenue, and his decision was sustained by the Board of Tax Appeals. It is now before us for review.

It is claimed by appellant that the deductions for attorney's fees and expenses are allowable under section 214 (a) of the Revenue Act of 1921, supra, as ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. We think, however, that the expenditures in question were not paid or incurred in carrying on a trade or business. In Bouv. Law Dict., vol. 3, page 3290, a "trade" is defined as "any sort of dealings by way of sale or exchange; commerce, traffic"; and "business" is defined as "that which occupies the time, attention, and labor of men for the purpose of livelihood or profit, but it is not necessary that it should be the sole occupation or employment." The phrase "carrying on a trade or business" bears a more restricted meaning.

In Lewellyn, Collector, v. Pittsburgh, B. & L. E. R. Co. (C. C. A.) 222 F. 177, 185, a case relating to the excise tax imposed by Act of Aug. 5, 1909, § 38 (36 Stat. 112) it is said: "'Carrying on business' does not mean the performance of a single disconnected

business act. It means conducting, prosecuting, and continuing business by performing progressively all the acts normally incident thereto, and likewise the expression 'doing business,' when employed as descriptive of an occupation, conveys the idea of business being done, not from time to time, but all the time." See, also, Mente v. Eisner (C. C. A.) 266 F. 161, 11 A. L. R. 496.

It is clear that the transactions which caused appellant to pay the several attorney's fees in question were not part of any trade or business carried on by her, but were separate transactions affecting only her personal interests and estate. The ore lands in which appellant acquired an interest were under royalty leases when her interest accrued, and she had no part in operating the property. She simply received her share of the royalties as and when they became payable. Moreover, the attorney's fees in question were not paid for services rendered in connection with the operation of the ore lands or other property of appellant, but in cases requiring only a defense of her title to such property. The cost of defending her title to property under such circumstances does not constitute a deductible expense under the statute. Commissioner of Internal Revenue v. Field (C. C. A.) 42 F.(2d) 820.

In Kornhauser v. United States, 276 U. S. 145, 153, 48 S. Ct. 219, 220, 72 L. Ed. 505, it is said by Mr. Justice Sutherland: "The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case."

The decision of the Board of Tax Appeals is accordingly affirmed.