## WALKER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4776.

Circuit Court of Appeals, Third Circuit.

Jan. 5, 1933.

Rehearing Denied Jan. 30, 1933.

Henry T. Dorrance, of Utica, N. Y., J. G. Korner, Jr., of Washington, D. C., and Mercer B. Tate, Jr., of Philadelphia, Pa., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This appeal by a taxpayer from an income tax assessment falls within a narrow compass. The pertinent statute, Revenue Act 1921, § 214 (a) (1), 42 Stat. 239; Revenue Act 1924, § 214 (a) (1), 26 USCA § 955 (a) (1), provides for the deduction of "all the ordinary and necessary expenses paid * * * in carrying on any trade or business," and the question involved is "whether fees paid by petitioner to her attorneys in a suit to recover additional income from certain trusts of which she was beneficiary are deductible from her gross income." Statement of the facts is to decide the case. The petitioner was trying to surcharge her trustees in the administration of the trust. In so doing she was not engaged in any trade or business.

The Tax Board rightly held she was not entitled to the deduction, and its order is affirmed.