## LINDLEY v. COMMISSIONER OF INTERNAL REVENUE.
### No. 280.

Circuit Court of Appeals, Second Circuit.
March 6, 1933.

Erasmus C. Lindley, of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Nathan Gammon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### CHASE, Circuit Judge.

The petitioner is one of several heirs at law of Mary T. Hill, who died intestate in 1921. The administrator of the estate of Mary T. Hill filed an estate tax return and paid the tax computed thereon. Subsequently, the Commissioner determined a deficiency in the tax amounting to $1,130,616.08. The administrator paid the deficiency under protest and brought suit in the District Court for the District of Minnesota to recover that as well as the original tax paid. The suit was unsuccessful, and, upon advice of counsel, the administrator declined· to take an appeal. Thereupon, this petitioner joined with some of the other heirs in taking an appeal in the name of the administrator, and obtained a reversal of the judgment. As a result, the estate recovered the sum of $1,221,963.35, of which this petitioner received her proportionate share. She paid her share of the expenses of the litigation undertaken by the heirs who acted with her to have the rights of the estate determined on appeal when the administrator declined to do that. This was paid in accordance with an agreement among the heirs providing for each to bear one-seventh of the expenses. In 1928 the petitioner paid as her part of the fees of attorneys, in compliance with her agreement, the sum of $13,507.65. She deducted this amount from her own gross income for that year in computing her net income in her return.

The Commissioner disallowed the deduction and determined a deficiency based upon the inclusion of that amount in her net taxable income. The Board of Tax Appeals sustained the Commissioner, and the petitioner now seeks to review its decision.

The deduction is claimed under section 23 (a) of the Revenue Act of 1928, 26 USCA § 2023 (a) which is quoted so far as applicable:—

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *"

No one will deny that the deduction claimed can be allowed only if it fairly falls within the provisions of the statute. That the payment was a necessary expense incurred by the petitioner is plain enough. It is safe to assume that no appeal would otherwise have been taken. Nor can it be said that the fees of attorneys are not ordinary expenses in the conduct of litigation. Compare Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505. The difficulty with the position of the petitioner is found in the attempt to show that what she paid was an expense in carrying on any trade or business.

In Kenan v. Bowers, 50 F.(2d) 112, we held that a voluntary payment by the beneficiary of a trust by way of additional compensation to the trustees was a personal expense and not deductible. It is true that in the Kenan Case the expense was apparently unnecessary, while here it had to be incurred. Moreover, in Commissioner v. Wurts-Dundas,

54 F.(2d) 515, we held that the fees of attorneys necessarily paid by a guardian to obtain additional income to which the guardianship was entitled were deductible expenses in computing the net income in the guardian's return. But it must be noticed that the expenses were in no sense personal, and were incurred in the performance of a duty to obtain all income belonging to the guardianship.

In this case, however, the petitioner was acting only to secure her own personal rights as an heir at law, even though she and the others did so in the name of the administrator. It must be remembered that the statute (section 24 (a) of the 1928 act, 26 USCA § 2024 (a) expressly provides that there shall be no deduction for personal expenses. We can find no just basis for holding that the payments sought to be deducted stand any differently than would fees the petitioner may have paid attorneys to secure advice upon which to base her decision to join with the other heirs in defraying the expense of the appeal. Her personal rights were involved; she paid attorneys to protect them; and Congress did not see fit to allow any deduction from the gross income of a taxpayer for purely personal expenses. In this respect this case stands exactly as did Commissioner v. Field, 42 F.(2d) 820, where we held such expenses as these could not be deducted.

Affirmed.