## COMMISSIONER OF INTERNAL REVENUE v. VAN WART.

### No. 6990.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1934.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Carlton Fox, John H. McEvers, and Walter L. Barlow, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and J. E. Marshall, Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Frederick R. Gibbs, of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Catherine L. Van Wart, a minor, was the beneficiary of a trust created by the will of her grandfather, Jenkins Jones, deceased. Dr. Roy M. Van Wart, Catherine's father, with whom she resided in Orleans parish, La., after being confirmed by order of the district court for that parish in accordance with the laws of Louisiana as her natural tutor or guardian, and after duly qualifying as such, demanded of the trustees under the will that they pay over to him the accrued income of the trust created in favor of his ward. The trustees, claiming, among other things, the right to keep possession of the accumulations of such income until Catherine should become of age, when they conceded she would be entitled to the corpus as well as all accumulated income, declined to comply with that demand. Thereupon suit was brought in the name of the minor, by her father as next friend, in the federal court for the district in West Virginia in which the testator was residing at the time of his death, against the trustees to compel distribution of the income involved in accordance with the guardian's previous demand. That suit finally was decided in favor of the plaintiff, it being held that the guardian was entitled to receive from the trustees his ward's accumulated income and future income as it annually accrued. Van Wart v. Jones (C. C. A.) 295 F. 287. Accordingly, in 1924 the trustees paid over to Dr. Van Wart as guardian the accumulated income of $160,000 and current income of $80,000; and Dr. Van Wart, acting as guardian and by authority of the court of his appointment, paid out of the funds so received by him a fee of $30,000 to the attorneys who brought the suit for their services in the litigation. In the income tax return for 1924, which was filed by the guardian on behalf of his ward, a deduction of the attorneys' fee was claimed. The deduction, though disallowed by the Commissioner of Internal Revenue, was allowed by the Board of Tax Appeals. And the Commissioner filed a petition for review.

The Board held that the attorneys' fee paid by the guardian was deductible as an ordinary and necessary expense incurred in carrying on a trade or business within the meaning of section 214 (a) (1), Revenue Act of 1924, 26 USCA § 955 (a) (1). Its opinion, which is unreported but appears in the record, is based on its decision in Wurts-Dundas v. Commissioner, 17 B. T. A. 881, and on several of its other decisions therein cited to the same effect. The Wurts-Dundas Case was affirmed by the Circuit Court of Appeals for the Second Circuit. 54 F.(2d) 515. It is the contention of the Commissioner that the attorneys' fee was a personal expense of the minor taxpayer, and was not deductible because, in computing net income, deduction of the taxpayer's personal expenses is prohibited by section 215 (a) (1) of the same Revenue Act. 26 USCA § 956 (a) (1).

■ We are constrained to agree with the Commissioner that in allowing the deduction the Board erred. An allowable expense is deductible only from the income of the taxpayer. The taxpayer's expenses incurred in carrying on a business are deductible, but his personal expenses are not. As in this case the income belonged to the minor, the ward, and not to the guardian, she, and not he, was the taxpayer. The attorneys' fee was an expense of litigation which was paid out of her income. She was not engaged in any business, and therefore as to her the fee was not a business expense. If she had been of legal age and had brought the suit against the trustees of her grandfather's estate in her own right, the amount of the fee would have been a personal expense for which she would not have been entitled to any deduction from her income. Commissioner v. Field (C. C. A.) 42 F.(2d) 820; Walker v. Commissioner (C. C. A.) 63 F.(2d) 351. The fact that she was a minor makes no difference. In the matter of personal expenses, the Income Tax Law makes no distinction between a minor and an adult taxpayer; it treats them both alike. They would be treated very differently under the rule announced by the Court in the Wurts-Dundas Case, supra, and followed by the Board in this case. Under that rule, the cost of litigation could be deducted from the minor's personal expenses by incurring it at any time before he or she came of age, whereas, as we have seen, such cost could not be so deducted in the case of an adult taxpayer; or where there were two beneficiaries of taxable income, one a minor and the other an adult, the former would but the latter would not be entitled to deduct the same sort of personal expenses. To follow such a rule would be, as it seems to us, to recognize a difference in tax liability where none was intended or authorized by the income tax law.

But it is said the guardian was engaged in business, the business of being a guardian; and that the fee incurred and paid to the attorneys in the litigation with the trustees was a necessary expense not of the guardian but of the guardianship, which is spoken of as a separate entity. Whether or not being a guardian is doing business, it is unnecessary to decide. The fee was not an expense of the guardian or guardianship; it was paid out of the ward's income. That income was taxable not to him but to her. Busch v. Commissioner (C. C. A.) 50 F.(2d) 800. We are not here concerned with the case of a trust estate of such character that the income derived therefrom is taxable to the fiduciary. This is not that kind of a case.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.