## COMMISSIONER OF INTERNAL REVENUE v. LINDERMAN.

### No. 5302.

Circuit Court of Appeals, Third Circuit.

Dec. 6, 1934.

On Rehearing July 10, 1936.

Carlton Fox, Sewall Key, Andrew D. Sharpe, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for petitioner.

Maynard Teall, and Smith, Shaw, Mc-Clay & Seifert, all of Pittsburgh, Pa., for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

DAVIS, Circuit Judge.

On August 30, 1929, Mary M. Bindley was adjudicated an incompetent person by the court of common pleas of the commonwealth of Pennsylvania, and guardians were appointed of her estate. Mrs. Bindley died testate on November 13, 1929. After a controversy, her will was admitted to probate, and the respondent, Linderman, who was the executor named in the will, received letters testamentary.

Meanwhile, the guardians of Mrs. Bindley had turned over the bulk of the assets of the estate to the administrator pendente lite, but retained approximately $200,000 to cover the expenses of the guardianship. Early in 1930, the guardians paid over the balance of that sum to the administrator after deducting $51,137.18 for their compensation, the fees of their attorneys, and such other expenses as were incurred in carrying out the guardianship. Their account was filed and approved by the proper court.

The testatrix kept her books and filed her income tax return on the basis of cash receipts and disbursements. The respondent filed a return covering the taxable period from January 1 to November 13, 1929, the date of her death, as required by Treasury Regulations 74, art. 746. He included in the return a deduction from gross income of $51,137.18, which was incurred during the taxable period, but not paid out until the following taxable year, to cover the expenses of the guardianship. The Commissioner of Internal Revenue disallowed the deduction, for the reason that the sum was not paid in the lifetime of the testatrix. The Board of Tax Appeals refused to sustain the Commissioner's determination, and ordered the allowance of the deduction in order to reflect clearly the income of the testatrix.

The gist of the argument of the Commissioner in this case is that the testatrix reported her income on the basis of cash receipts and disbursements; that the guardianship expenses while incurred in the taxable period of January 1 to November 13, 1929, were not paid until later, and hence cannot be deducted for that period.

The expenses of the guardianship cannot be carried over to the estate under the law of Pennsylvania. Appeal of Freeman, 22 Wkly.Notes Cas. 173; Act May 28, 1907, P.L. 292, § 6 (b), as added by Act April 15, 1915, P.L. 124, § 1 (50 P.S.Pa. § 962). When the guardianship ceased at the testatrix' death, the guardians ceased to be fiduciaries, and the relationship of debtor and creditor arose as to the amounts due the estate. Crowell's Appeal, 2 Watts (Pa.) 295; 28 Corpus Juris, 1096.

When the guardianship terminated on the death of the testatrix, the expenses here involved had already been incurred, and in legal effect were paid at that time. The guardians were accountable only for a debt to the estate. The executor had nothing to do with the debts incurred during the guardianship. The guardians turned over the assets of the testatrix to the es-

tate, retaining a sum sufficient to wind up the expenses of the guardianship. The money retained was a debt to the estate over and above the lawful charges of the guardians.

One object of the income tax laws is to reflect clearly the income to a taxpayer, and this concept naturally applies as much in favor of a taxpayer as against him.

Section 43 of the Revenue Act of 1928 (26 U.S.C.A. § 43 and note) provides: "The deductions and credits provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."

The Commissioner fails to recognize that there are not only two taxable periods involved here but also two taxable entities —the testatrix, by her guardians, and the executor. The executor does not assume responsibility for the expenses of the guardianship, and the guardianship ceases to exist at the death of the ward. The testatrix' net income for the period ending with her death would not be correctly shown, unless her gross income for the period is reduced by the costs and expenses of the guardianship. The statute requires the accounting method used to "clearly reflect the income." Section 41, Revenue Act of 1928 (26 U.S.C.A. § 41 and note). We are of the opinion that the Board did not err in allowing the deduction in this case.

In a supplemental brief, the Commissioner also raises, under rule 11 of this court, the question of whether or not the deduction of the costs of the guardianship was an ordinary and necessary business expense paid or incurred in carrying on a trade or business as defined in section 23 (a) of the Revenue Act of 1928 (26 U.S.C.A. § 23 (a) and note).

These expenses of carrying out the guardianship were not personal expenses. They were incident to the management and conservation of the assets of the testatrix. The only difference between the expense involved here and the business expense ordinarily incurred by a taxpayer is that the necessity of incurring these is imposed by law. It determines that a taxpayer is incompetent and imposes a guardianship upon him to manage his affairs. Thus the incompetent is forced into doing business by the commonwealth, and as a result the ordinary and necessary expenses of carrying out the guardianship are deductible.

The Circuit Court of Appeals for the Second Circuit held in Commissioner v. Wurts-Dundas, 54 F.(2d) 515, that attorney's fees paid by a guardian to establish a claim of the ward to an interest in an estate were deductible from gross income as expenses of carrying on business. A recent decision, however, by the Circuit Court of Appeals for the Fifth Circuit, is to the contrary. Commissioner v. Van Wart, 69 F.(2d) 299. While those cases may be distinguished from this on the facts involved, we agree with the decision in the Wurts-Dundas Case so far as it is applicable to the facts in the instant case.

The order of redetermination of the Board of Tax Appeals is affirmed.

THOMPSON, Circuit Judge (dissenting).

I am constrained to disagree with the reasoning and conclusions set out in the majority opinion.

Section 41 of the Revenue Act of 1928 (26 U.S.C.A. § 41 and note) determines the general rule for computing net income: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commissioner does clearly reflect the income. * * *"

Emphasis is placed on the method of accounting regularly employed by the taxpayer. The income tax return which the respondent filed on behalf of the testatrix was computed on the cash receipts and disbursements basis, the method of accounting regularly employed in keeping the books of the testatrix as well as those of her guardians.

Section 43 of the Revenue Act of 1928 (26 U.S.C.A. § 43 and note) limits the period during which deductions and credits may be taken as follows: "The deductions and credits provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' depend-

ent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."

The taxable period extended from January 1, 1929, to November 13, 1929, the date of the testatrix' death. The guardians' expenses were paid during the period from December 27, 1929, to February 6, 1930. It seems clear that section 43 means that, when the cash receipts and disbursements method is used, deductions and credits may be taken for the taxable year in which they were paid, but not for the period in which they accrued.

Article 341 of Regulation 74, promulgated by the Treasury Department in connection with section 43, provides: "The terms 'paid or incurred' and 'paid or accrued' will be construed according to the method of accounting upon the basis of which the net income is computed by the taxpayer. (See section 48 (c), 26 U.S. C.A. § 48 (c) and note.) The deductions and credits provided for in Title I must be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' unless in order clearly to reflect the income such deductions or credits should be taken as of a different period. If a taxpayer desires to claim a deduction or a credit as of a period other than the period in which it was 'paid or accrued' or 'paid or incurred,' he shall attach to his return a statement setting forth his request for consideration of the case by the Commissioner together with a complete statement of the facts upon which he relies. However, in his income tax return he shall take the deduction or credit only for the taxable period in which it was actually 'paid or incurred,' or 'paid or accrued,' as the case may be. Upon the audit of the return, the Commissioner will decide whether the case is within the exception provided by the Act, and the taxpayer will be advised as to the period for which the deduction or credit is properly allowable."

In my view, this regulation is reasonable and should be upheld. Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051. Taxing statutes and regulations should be applied to the facts in accordance with their expressed terms. I cannot agree that the supposed equities of a particular case should be applied to vary the plain terms of a statute or of a reasonable regulation.

In United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 419, 70 L.Ed. 799, the Supreme Court, construing the Revenue Act of 1918 (40 Stat. 1057), held that a taxpayer who kept his books on the cash receipts and disbursements basis was not entitled to deduct from his 1919 gross income an estate tax which accrued during 1919 but was not actually paid until 1920. The language of the Supreme Court is especially apt: "The return shows that it was made on the basis of income actually received in 1919. This indicates that the accounts were kept on the basis of actual receipts and disbursements, and there is nothing in the record to show that any other method was employed. The burden is on the executors to establish the invalidity of the tax. United States v. Anderson, supra [269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347]. They have not shown that their books were kept on the accrual basis. Assuming, as we must, that the accounts of the estate were kept on the basis of actual receipts and disbursements, the executors were required to make return on that basis. Notwithstanding the option given taxpayers, it is the purpose of the Act to require returns that clearly reflect taxable income. That purpose will not be accomplished unless income received and deductible disbursements made are treated consistently. It was not the purpose of the Act to permit gross income actually received to be diminished by taxes or other deductible items disbursed in a later year, even if accrued in the taxable year. It is a reasonable construction of the law that the same method be applied to both sides of the account."

In the instant case, the Commissioner acted in accordance with the regulations which he was authorized by statute to make. I am not persuaded that the book entries as to payments to the guardians should be construed as though they had been made within the taxable period, when such is not the fact. I have been unable to discover any authority for holding that a liability accruing during a taxable period to a taxpayer reporting on the cash receipts and disbursements basis, but not actually paid by him during that period, may be deducted as of the time when it accrued.

I think that the order of redetermination of the Board of Tax Appeals should be reversed.

On Rehearing.

THOMPSON, Circuit Judge.

This is a petition of the Commissioner of Internal Revenue for rehearing of a decision of this court in Commissioner of Internal Revenue v. William S. Linderman, sole executor of the last will and testament of Mary M. Bindley, deceased, filed December 6, 1934, in which this court affirmed a decision of the Board of Tax Appeals.

Mary M. Bindley, the decedent, was adjudicated mentally incompetent on August 30, 1929. Guardians were appointed, and they served until the death of the testatrix, which occurred November 13, 1929. An administrator pendente lite was appointed, to whom the guardians delivered all of the assets of their ward except $200,000. On December 28, 1929, the decedent's will was admitted to probate and letters testamentary issued to the appellee as executor. Early in 1930 the guardians turned over to the appellee the funds of the decedent still in their possession, retaining, however, $51,137.18 with which to pay their own commissions, their attorney's and accountant's fees, premiums on the bonds of the guardians, and other expenses incurred by them in the guardianship. The books of the guardians disclosed that this sum had been disbursed by them from December 27, 1929, to February 6, 1930. The decedent and the guardians kept their books on the cash receipts and disbursements basis. The appellee filed an income tax return for the period from January 1, 1929, to November 13, 1929, in which he deducted the guardianship expenses of $51,137.18 from the decedent's gross income. The Commissioner disallowed the deduction and assessed a deficiency. In its decision the Board of Tax Appeals held that there was no deficiency.

The Commissioner advances a twofold argument on appeal: First, that the guardianship expenses are not deductible from the gross income of the decedent during the taxable year because they were not in fact paid during that period. Second, that the guardianship expenses are not deductible, without regard to the time of payment, because they were not ordinary and necessary business expenses paid or incurred in carrying on a trade or business as defined in section 23 (a) of the Revenue Act of 1928 (26 U.S.C.A. § 23 (a) and note).

On the first point the opinion of this court and the dissenting opinion set forth the diverse views of the members of the court who heard the argument. No new arguments on this point have been advanced on the rehearing, and the views of the court remain as heretofore. Our rules justify consideration of the second point, even though it was not argued before the Board of Tax Appeals. Upon the second point the opinion of the Supreme Court in Van Wart v. Commissioner, 295 U.S. 112, 55 S.Ct. 660, 661, 79 L.Ed. 1336, is pertinent. It was there held that a fee paid to an attorney by the guardian of a minor for conducting litigation to secure income for the minor is not deductible from gross income of the minor as an ordinary or necessary expense incurred in carrying on a trade or business. The opinion also points out that the ward and not the guardian is the taxpayer. To quote:

"We agree with the conclusion that the ward, not the guardian, was the taxpayer. The return was filed by him in her behalf; the taxable income was hers, not his. The attorney's fee arose out of litigation conducted in the name of the ward. It was paid for her benefit out of her income.

"In Freuler v. Helvering, 291 U. S. 35, 44, 54 S.Ct. 308, 311, 78 L.Ed. 634, we said: 'The whole of a minor's income received by his guardian is taxable to the minor irrespective of its accumulation in the guardian's hands, distribution to the minor or payment for his support or education. * * * Either the minor or his guardian must make the return, but in either case it embraces all the income and is the minor's individual return, not that of the guardian or the trust.'

"The ward was not engaged in any business. So far as appears, the same thing is true of the guardian. See Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner v. Field (C.C.A.) 42 F.(2d) 820; Hutchings v. Burnet, 61 App.D.C. 109, 58 F.(2d) 514; Walker v. Commissioner (C.C.A.) 63 F. (2d) 351; Lindley v. Commissioner (C.C. A.) 63 F.(2d) 807. Moreover, guardianship is not recognized by the statute as a taxable entity."

We think the principle thus laid down in the above-cited case rules the instant case.

The decision of the Board of Tax Appeals is reversed.