### MORSE v. HELVERING, Com'r of Internal Revenue.

### No. 6593.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1936.

W. Parker Jones, of Washington, D. C., and James C. McManaway, of Clarksburg, W. Va., for petitioner.

Robert H. Jackson, Sewall Key, S. Dee Hanson, Hartford Allen, and Frank J. Wideman, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This case is brought in this court to review a decision of the United States Board of Tax Appeals affirming a deficiency determined by the Commissioner of Internal Revenue in the income tax return of the present petitioner for the year 1930.

The sole question involved in the case is whether or not certain attorney's fees and charges paid by petitioner during the taxable year in order to secure the payment of additional income to petitioner as beneficiary of a trust created by will are deductible as ordinary and necessary business expenses.

The controlling statute in the case is section 23 of the Revenue Act of 1928, c. 852, 45 Stat. 791 (26 U.S.C.A. § 23 and note), which reads as follows:

"§ 23. Deductions from gross income

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

The facts as found by the United States Board of Tax Appeals are as follows: Petitioner, Dorothy Brown Morse, a resident of Greenwich, Conn., is the granddaughter of Paul Brown of St. Louis, Mo., who died testate on November 18, 1927. In his will he left one-sixth of his residuary estate to the Mercantile Trust Company, now the Mercantile-Commerce Bank & Trust Company of St. Louis, Mo., in trust for the benefit of his two grandchildren, the petitioner and her half-brother, Paul Brown, III. By the terms of the will, the trustee was directed to divide this one-sixth interest in the residuary estate into two equal parts, one portion to be held in trust for the benefit of petitioner and the other for the benefit of Paul Brown, III. With respect to the portion to be held in trust for petitioner, the will provided that the trustee should pay over from time to time so much of the net income and revenue derived therefrom as in the judgment of the trustee "shall seem meet and proper for the maintenance, education, comfort, and support of my said granddaughter, until she attains the age of twenty-five years"; and that "the unexpended income shall be added to and become part of the corpus of the trust estate herein created for her benefit.

* * * " At the time of decedent's death petitioner was a minor. She reached her majority in March, 1929.

In February, 1928, petitioner and her mother, her natural guardian, consulted an attorney relative to the payments petitioner was receiving under the trust created for her benefit. They felt that petitioner was entitled to receive a larger portion of the income of the trust than the trustee was then paying her, which was $835 per month, plus the cost of some special trips. The attorney whom they employed made a demand on the trustee for additional income, and after prolonged negotiations and discussions, the trustee finally agreed, on December 8, 1930, to pay petitioner 75 per cent. of the income of the trust that had accumulated prior to that time and 75 per cent. of the income that would accrue thereafter until she arrived at the age of 25 when, under the terms of the will, she was to receive all of the income. This agreement resulted in a payment to petitioner out of the income accrued at that time in her trust of $107,224.98.

This sum was paid to attorney for petitioner by the trustee on ⋅ December 8, 1930, and on December 16, 1930, the attorney deducted from that sum, on account of his fees and expenses, and for the purpose of paying the accountant engaged in these matters, the sum of $16,623.41. In her income tax return filed for the calendar year 1930, petitioner deducted this $16,623.41 from her gross income and explained said deduction under Schedule F of her return as follows: "Attorney's and accountant's fees in connection with obtaining income settlement from trustees for Dorothy Brown u/w of Paul Brown, deceased, * * * $16,623.41"

The deduction of $16,623.41 was claimed by petitioner under the provision for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The Commissioner of Internal Revenue held that the services rendered by her attorney in the year 1930 in seeking and obtaining a settlement of the amount due to her from the trustee under her grandfather's will were not ordinary and necessary expenses paid or incurred in carrying on any trade or business, but were personal expenses only. Accordingly he determined a deficiency in the income taxes of petitioner for the year 1930 in the amount of $2,818.03, and this determination was affirmed by the United States Board of Tax Appeals.

We are of the opinion that the action of the Commissioner and the decision of the Board were correct.

An examination of the authorities discloses that this question has been frequently considered by the courts and the rule has been well settled that fees paid to an attorney under circumstances such as those involved in the ⋅present case are not deductible as ordinary business expenses.

In Hutchings v. Burnet, 61 App.D.C. 109, 58 F.(2d) 514, we held that fees paid to an attorney for services rendered in acquiring oil lands under royalty leases, and in defending client's title thereto, and in preparing tax returns, were not deductible as ordinary or necessary expenses in carrying on any trade or business. The facts involved in that case were essentially similar to those involved in the present case.

In Van Wart v. Commissioner of Internal Revenue, 295 U.S. 112, 55 S.Ct. 660, 661, 79 L.Ed. 1336, it appeared that the sole question for determination was whether an attorney's fee paid by a guardian for conducting litigation to secure income for his ward, his minor daughter, was a business expense within the purview of section 214 (a) (1) of the Revenue Act of 1924 (43 Stat. 253), and therefore deductible from the minor's individual gross income. The guardian was successful in a suit to compel the trustees to distribute to him accumulated and future accruals of income from a trust created for the benefit of his ward, who was residing with him. In the income-tax return for 1924 which he filed on her behalf, he claimed a deduction for the attorney's fee incurred in such litigation. The Commissioner determined that this was a personal expense of the minor taxpayer and excluded from deduction by section 215 (a) (1) of that act. The Circuit Court of Appeals for the Fifth Circuit upheld the Commissioner's determination (69 F.(2d) 299), and the Supreme Court, stating, among other things, that "The ward was not engaged in any business," upheld the decision of the lower court. It is clear that the instant case is concluded by this decision. In both cases the fees were expended for the purpose of securing for the taxpayer-beneficiary additional income from the trusts, and the cases are not distinguishable on their facts.

In the foregoing decision the Supreme Court cited with approval Hutchings v. Burnet, supra, together with Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner v. Field (C.C.A.) 42 F.(2d) 820; Walker v. Commissioner (C.C.A.) 63 F.(2d) 351; Lindley v. Commissioner (C.C.A.) 63 F.(2d) 807.

We consider the foregoing authorities as conclusive and affirm the decision of the United States Board of Tax Appeals.

Affirmed.