**SPEAR v. GAGNE, Collector of Internal Revenue.**

No. 139.

District Court, D. New Hampshire.

March 24, 1943.

264

O. Walker Taylor, of Boston, Mass., for plaintiff.

Alexander Murchie, U. S. Dist. Atty., of Concord, N. H., for Collector.

MORRIS, District Judge.

In this action the plaintiff seeks to recover the sum of $562.40, together with interest, which was paid on account of his federal income taxes for the year 1937.

I find the following facts: William C. Spear, father of the plaintiff, died on October 25, 1931, leaving a substantial fortune and since the plaintiff was his only child and a minor, Walter B. McGregor and Bertha L. Spear were appointed guardians by the Probate Court at Nashua. The guardianship continued until the year 1937. During the entire guardianship the income of the estate was reported on a cash basis and filed each year in the name of the plaintiff instead of in the name of the guardians as permitted by the Regulations and in all of his returns, prior to that for the year 1937, was allowed to deduct all the expenses of the guardianship including (1) all fees paid for the services of the guardians, (2) all commissions and (3) all other charges as were allowed and approved by the Probate Court in the accounts filed by the guardians; and all such items were allowed as deductions from gross income by the Commissioner of Internal Revenue as they were claimed in the returns for all of the years up to and including the year 1936.

On September 21, 1937, as the plaintiff had then attained his majority the guardians filed their fifth and final account and the following items which were included in the said account were approved and allowed by the Probate Court:

| | |
|---|---:|
| Services of guardians | $6,000.00 |
| Commissions paid | 673.66 |
| Attorneys' fees in re final account | 31.33 |
| Court fee-special session | 10.00 |
| Total | $6,714.99 |

In his income tax return for the year 1937, the plaintiff claimed the above amount as a deduction which was disallowed by the Commissioner.

On February 2, 1940, as a result of the refusal of the Commissioner to allow the deduction from the plaintiff's gross income for the year 1937, the plaintiff was required to pay and did pay under protest the additional tax with interest in the amount of $562.40.

On July 19, 1940, the plaintiff filed a claim for refund and on February 14, 1941, the Collector of Internal Revenue disallowed the claim in its entirety. This action was commenced June 6, 1941. The action was continued from time to time pending new legislation.

At the time this action was filed the statute relied on by the plaintiff was 26 U.S. C.A. Int.Rev.Code, § 23, which provides that: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered", may be deducted.

The words "carrying on any trade or business" gave rise to a variety of opinions when applied to facts similar to those in the instant case. Commissioner v. Linderman, 3 Cir., 84 F.2d 727; Commissioner v. Wurts-Dundas, 2 Cir., 54 F.2d 515; Van Wart v. Commissioner, 5 Cir., 69 F.2d 299; Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

So much confusion and hardship resulted that an appeal was made to Congress to clarify the statute and many cases were held in abeyance while the matter was under consideration by that body. The result was that Section 23 was amended by Section 121 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 23. This Act makes deductible in the case of an individual, "All the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

Section 121(e), 26 U.S.C.A. Int.Rev.Code § 23 note, incorporates the Amendments in prior Revenue Acts as if they were a part of such revenue Act on the date of its enactment.

I find that the claimed deductions were actually paid, by checks drawn on the

guardians' account, at or about the time of the final settlement.

The language of the Act clearly includes and makes deductible the guardianship expenses allowed by the Probate Court.

### Rulings of Law.

I rule that the payments or expenditures of the items for which deductions were claimed are, as a matter of law, conclusively established by the fact that the guardians were "credited with payments" of the said items in their final account filed in and allowed by the Probate Court.

I rule that all of the said items claimed by the plaintiff as deductions on his return for the year 1937, in the amount of $6,-714.99, were "ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income", as provided in Section 23(a) of the Internal Revenue Code, as amended by Section 121(a) (2), (e) of the Revenue Act of 1942.

Judgment for the plaintiff in the sum of $562.40, with interest from February 2, 1940.