Thomas F. MOODY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2462.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 1, 1962.

Calvin E. Hardin, Jr., Victor A. Sachse, Baton Rouge, La., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Myron C. Baum, Arthur L. Biggins, Jerome J. Reso, Jr., Attys., Tax Division, Dept. of Justice.

Louis LaCour, U. S. Atty., Kathleen Ruddell and Peter E. Duffy, Asst. U. S. Attys., for defendant.

WEST, District Judge.

By this action the plaintiff taxpayer, Thomas F. Moody, seeks to recover the sum of $16,730.40, plus interest, allegedly overpaid as income taxes for the year 1955. The alleged overpayment resulted from the disallowance of certain claimed deductions representing expenses of litigation incurred by the plaintiff during the year 1953.

The case was submitted to this Court by both parties on an agreed stipulation of fact, together with exhaustive briefs filed by counsel.

After careful consideration of the stipulated facts, together with the briefs filed by counsel, and the applicable law, the Court concludes that the plaintiff taxpayer cannot prevail in this claim, and in connection therewith, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On February 22, 1953, plaintiff's wife, Annie Laurie Roumain Moody, died. By will, she transmitted all of her property, which was considerable, to her husband, Thomas F. Moody, the plaintiff taxpayer.

2. After plaintiff was placed in possession of his deceased wife's estate by judgment of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, a suit was filed in that Court on September 17, 1953, by a brother of the deceased's adoptive father, alleging that the will was null, void and inoperative, and that therefore, the whole of decedent's estate, which he alleged to have been her separate and paraphernal property, fell to him as the collateral relation nearest in degree to the decedent and to the complete exclusion of the plaintiff taxpayer.

3. During the course of this litigation, and in defense of the validity of the decedent's will, the plaintiff taxpayer incurred expenses amounting to $42,324.39, which expenses included:

Fees to Handwriting Experts $ 8,735.56
Certified Public Accountant
  Fees                         3,000.00
Attorneys' Fees              30,588.83

4. At the conclusion of the trial, the Court ruled in favor of the plaintiff taxpayer, upholding the validity of the will, which decision, after being affirmed by the Appellate Courts of Louisiana, resulted in plaintiff taxpayer becoming the undisputed owner, with clear title, to the very sizeable estate left by his deceased wife.

5. Subsequent thereto and pursuant to a decision of the State Court, the plaintiff taxpayer recovered from the surety on the cost bond posted by the plaintiff in the suit contesting the will certain items of costs, the amounts of which, in view of the decision now reached by this Court, are immaterial.

6. In computing his income tax for the year 1955, the plaintiff taxpayer claimed a deduction in the amount of $42,324.39 representing the expenses of litigation as listed above. This deduction was disallowed by defendant, resulting in a deficiency assessment against the plaintiff in the amount of $16,730.40, which deficiency was paid by the plaintiff. A claim for refund was timely filed and refused, after which this suit for recovery of the alleged overpayment was filed.

7. It is the contention of the plaintiff taxpayer that the expenses of litigation incurred by him were not capital expenditures adding to the value of the property inherited but were instead deductible expenses incurred as a necessary and ordinary expense for the preservation of income producing property under the provisions of Section 212 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 212.

## CONCLUSIONS OF LAW

1. The jurisdiction of this Court is conferred by Title 28, U.S.C. § 1346(a) (1).

█ 2. The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense. Jones' Estate v. Commissioner, 5 Cir., 127 F.2d 231; Hutchings v. Burnet, 61 App.D.C. 109, 58 F.2d 514; Burton-Sutton Oil Co., Inc. v. Commissioner, 5 Cir., 150 F.2d 621, 160 A.L.R. 961; Munson v. McGinnes, 3 Cir., 283 F.2d 333; Treasury Regulations 1.212-1(k) and 1.263(a) (2) (c).

█ 3. The suit which plaintiff taxpayer was forced to defend involved the validity of the will by which he ultimately acquired title to the property involved. Had his defense of the will been unsuccessful, he would have had no color of title whatsoever to the property. His very ownership of and title to the property, as well as to income derived and to be derived therefrom, depended entirely upon his successful defense of the will. Had he failed to successfully defend his title to the property, it goes without saying that he would not have been entitled to the income therefrom. Thus, as a matter of law, this Court finds that the costs incurred by the plaintiff in defense of the will were costs incurred by him in defending and perfecting his title to the property itself, and as such, constituted a capital expenditure rather than a deductible expense. Brown v. Commissioner, 5 Cir., 215 F.2d 697; Ramos v. Commissioner, Docket No. 84507; 38.81 P-H TC.

Judgment should be presented in accordance herewith.