VAN WART *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 95. Argued November 13, 1934.—Decided April 29, 1935.

*Mr. Frederick R. Gibbs,* with whom *Mr. Preston B. Kavanagh* was on the brief, for petitioner.

---

[11] Creek Treaty of 1866, Art. 3, 14 Stat. 785, 787; Act of March 1, 1889, c. 317, 25 Stat. 757, 758, 759; U. S. C. Title 25, § 158.

*Assistant Solicitor General MacLean,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. Sewall Key, John G. Remey,* and *W. Marvin Smith* were on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The sole question for determination is whether an attorney's fee, paid by the guardian for conducting litiga-

tion to secure income for his ward, was a business expense within § 214 (a) (1), Revenue Act, 1924, and therefore deductible from the minor's gross income. The facts, as stated by the court below, were these—

"Catherine L. Van Wart, a minor, was the beneficiary of a trust created by the will of her grandfather, Jenkins Jones, deceased. Dr. Roy M. Van Wart, Catherine's father, with whom she resided in Orleans Parish, Louisiana, after being confirmed by order of the district court for that Parish in accordance with the laws of Louisiana as her natural tutor or guardian, and after duly qualifying as such, demanded of the trustees under the will that they pay over to him the accrued income of the trust created in favor of his ward. The trustees, claiming among other things the right to keep possession of the accumulations of such income until Catherine should become of age, when they conceded she would be entitled to the corpus as well as all accumulated income, declined to comply with that demand. Thereupon suit was brought in the name of the minor, by her father as next friend, in the federal court for the district in West Virginia in which the testator was residing at the time of his death, against the trustees to compel distribution of the income involved in accordance with the guardian's previous demand. That suit finally was decided in favor of the plaintiff, it being held that the guardian was entitled to receive from the trustees his ward's accumulated income and future income as it annually accrued. *Van Wart v. Jones*, 295 F. 287. Accordingly, in 1924 the trustees paid over to Dr. Van Wart as guardian the accumulated income of $160,000 and current income of $80,000; and Dr. Van Wart, acting as guardian and by authority of the court of his appointment, paid out of the funds so received by him a fee of $30,000 to the attorneys who brought the suit for their services in the litigation. In the income tax return for 1924, which was

filed by the guardian on behalf of his ward, a deduction of the attorneys' fee was claimed."

Pertinent provisions of the Revenue Act of 1924 are in the margin.*

The Board of Tax Appeals held the attorney's fee was deductible as an ordinary and necessary expense in carrying on business. § 214 (a) (1). The Commissioner claimed it was personal expense of the minor taxpayer, excluded from deduction by § 215 (a) (1), and the court below upheld this view. It declined to follow *Commissioner* v. *Wurts-Dundas,* Circuit Court of Appeals, Second Circuit, 54 F. (2d) 515. Because of this conflict the cause is here.

We agree with the conclusion that the ward, not the guardian, was the taxpayer. The return was filed by him in her behalf; the taxable income was hers, not his. The

---

* Revenue Act of 1924, c. 234, 43 Stat. 253:

" Sec. 2. (a) When used in this Act—

"(1) The term ' person ' means an individual, a trust or estate, a partnership, or a corporation.

. . . . .

"(9) The term ' taxpayer ' means any person subject to a tax imposed by this Act.

" Sec. 214. (a) In computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, . . .

" Sec. 215. (a) In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses.

" Sec. 225. (a) Every fiduciary (except a receiver appointed by authority of law in possession of part only of the property of an individual) shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this title—

"(1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife."

116

attorney's fee arose out of litigation conducted in the name of the ward. It was paid for her benefit out of her income.

In *Freuler* v. *Helvering*, 291 U. S. 35, 44, we said: " The whole of the minor's income received by his guardian is taxable to the minor irrespective of its accumulation in the guardian's hands, distribution to the minor or payment for his support or education. . . . Either the minor or his guardian must make the return, but in either case it embraces all the income and is the minor's individual return, not that of the guardian or the trust."

The ward was not engaged in any business. So far as appears the same thing is true of the guardian. See *Kornhauser* v. *United States*, 276 U. S. 145; *Commissioner* v. *Field*, 42 F. (2d) 820; *Hutchings* v. *Burnet*, 61 App. D. C. 109; 58 F. (2d) 514; *Walker* v. *Commissioner*, 63 F. (2d) 351; *Lindley* v. *Commissioner*, 63 F. (2d) 807. Moreover, guardianship is not recognized by the statute as a taxable entity.

The judgment under review must be

*Affirmed.*