RUBY W. C. JONES, AS EXECUTRIX OF THE ESTATE OF DAVID H. E. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62528.   Promulgated June 10, 1935.

*Henry P. Molloy, Esq.*, for the petitioner.
*F. B. Thompson, Esq.*, for the respondent.

**730**

OPINION.

Matthews: The sole question before us is whether the petitioner, as executrix of the will of her husband, David H. E. Jones, who died on December 15, 1919, was entitled to deduct in 1929 and 1930 the full amounts of attorneys' fees paid out in those years for services in Federal income tax litigation involving income of decedent as a member of a partnership, the estate having been in process of administration and the partnership in liquidation since the decedent's death. The petitioner had successfully defended the estate before this Board against additional taxes sought to be imposed by the respondent for the years 1917 and 1918, and had recovered by a suit in court a refund of tax for that period of 1919 before decedent's death. The interest on the refund was returned by petitioner as income in the year it was received. Of the sums paid out by the petitioner as attorneys' fees in the taxable years the respondent allowed one tenth as attributable to the earning of gross income in those years, but disallowed the remaining nine tenths on the theory that it was chargeable against the corpus of the estate and represented capital expenditures which were not deductible from the income of the estate.

Sections 23 (a) and 162, Revenue Act of 1928, set out in part in the margin, are controlling.[1]

It must be determined whether the attorneys' fees constituted "ordinary and necessary expenses" and also whether they were paid "in carrying on any trade or business."

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business  *  *  *.

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual  *  *  *.

The respondent directs our attention to the provisions of article 282 of Regulations 74, as follows:

* * * The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense. * * * Expenses of the administration of an estate, such as court costs, attorneys' fees, and executors' commissions, are chargeable against the corpus of the estate and are not allowable deductions. * * *

It is contended by the respondent that the petitioner, in asserting claims which arose in the decedent's lifetime, was merely protecting something which properly constituted part of the corpus of the estate, and it is denied that the petitioner was carrying on a business.

We are of the opinion that the position of the respondent must be sustained. In *James C. Ayer et al., Trustees*, 26 B. T. A. 9, a similar question was presented, the issue being the correctness of the respondent's action in refusing to allow as a deduction from gross income the sum of $10,000 paid out during the taxable year by the decedent's estate as legal fees in connection with a suit brought against the estate for an additional estate tax, and it was held that such deduction was properly disallowed, as being a corpus charge which was not deductible in determining the net income of the estate for the taxable year. The Board said:

* * * Ordinarily the purpose of the administration of an estate is to collect together the assets, pay the debts and claims against the estate and make distributions of remaining assets according to the terms of the will or according to the law of the jurisdiction. The respondent's demand for the payment of an additional estate tax would come within the classification of debts and claims against the estate and any action taken by the executors toward the settlement of it either by contesting it in court or by paying it would not constitute the carrying on of business, but would be the performance of a usual and ordinary duty arising from the administration of an estate. Consequently, any legal expenses incurred in performing such a duty would be in the nature of pure administration expenses.

See *Estate of B. Mahler*, 32 B. T. A. 644. Cf. *Refling* v. *Burnet*, 47 Fed. (2d) 859, affirming 17 B. T. A. 327; *Ames* v. *Commissioner*, 49 Fed. (2d) 853; *Monell* v. *Helvering*, 70 Fed (2d) 631; *People's Pittsburgh Trust Co.* v. *United States*, 6 Fed. Supp. 447.

The petitioner has cited and places reliance on the case of *Commissioner* v. *Wurts-Dundas*, 54 Fed. (2d) 515 (C. C. A., 2d Cir.), which affirmed the decision of this Board reported at 17 B. T. A. 881. There the question at issue was the deductibility of attorneys' fees paid by a guardian on behalf of its ward in a proceeding instituted in the orphans' court by the trustee under a will to determine to whom the share of a deceased beneficiary should be paid. The guardian participated in the action and succeeded in establishing its claim that the

ward was entitled to be paid the deceased beneficiary's share. The court held that the attorneys' fees were deductible, saying:

\* \* \* But, where a guardian incurs reasonable and necessary expenses in securing the income to which it is entitled as guardian, it is acting wholly in its capacity as a fiduciary, and is carrying on the business of administering its ward's estate. The income received is the income which results from the guardian's conduct of that business, whatever may be the source of the income. The expenses of the guardian are the expenses of that business. \* \* \*

In *Van Wart* v. *Commissioner*, 69 Fed. (2d) 299, the Circuit Court of Appeals for the Fifth Circuit declined to follow the *Wurts-Dundas* case and because of this conflict of decisions certiorari was granted by the Supreme Court of the United States in the *Van Wart* case. In an opinion rendered on April 29, 1935, 295 U. S. 112, the Supreme Court affirmed the decision of the lower court in the *Van Wart* case and in effect disapproved the reasoning contained in the above quoted opinion of the circuit court in the *Wurts-Dundas* case.

In view of the foregoing we hold that the respondent did not err in refusing to allow as deductions from the gross income of the estate for the taxable years the full amounts paid by the petitioner as executrix in those years to attorneys for legal services rendered.

Reviewed by the Board.

*Judgment will be entered for the respondent.*