## MALCOLM G. GIBBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78229. Promulgated September 29, 1936.

*Lionel B. Farr, C. P. A.*, for the petitioner.
*E. G. Smith, Esq.*, for the respondent.

OPINION.

BLACK: It is clear on the facts that have been stated above that the proposed increase in petitioner's income tax in 1925, against which he employed counsel to defend him and so paid the fees here in question, resulted proximately from his sale of stock of the Peoples Drug Stores, an incorporated business of which petitioner was president and majority stockholder and the direction of which consumed the major part of his time. The only question is whether the lawyers' fees paid in 1931 were ordinary and necessary expenses incurred "in carrying on any trade or business" of the taxpayer within the requirement of section 23 (a) of the Revenue Act of 1928 so as to permit their deduction.

In *Kornhauser* v. *United States*, 276 U. S. 145, the Supreme Court held that attorney fees incurred by the taxpayer in defense of a suit against him for an accounting brought by a former copartner, the suit growing directly out of the conduct of the partnership business, were a deductible expense, saying, after reviewing certain holdings of this Board:

> The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * *

On the other hand, it is well settled that attorney fees paid merely to preserve income, when that income is not derived from any business in which the taxpayer is engaged, are not expenses incurred in business, but personal expenses, and as such are not deductible. *Van Wart* v. *Commissioner*, 295 U. S. 112; *Baruch Mahler Estate*, 32 B. T. A. 644; *Morse* v. *Commissioner*, 85 Fed. (2d) 262.

So it seems to us that the question we have here to decide is whether the $10,000 in question was paid to the attorney for his services rendered in resisting a tax claim asserted by the Government arising out of some transaction connected with petitioner's business, or whether the payment was made to the attorney for his services rendered in resisting a claim of the Government for additional tax on a transaction which was purely personal to petitioner and not connected with his trade or business. The distinction between the two classes of expenses is not always easy to draw and it is difficult to reconcile all the decided cases.

The law is clear, however, that expenses incurred in the taxpayer's trade or business are deductible, and expenses incurred in a purely personal transaction are not deductible, even though the taxpayer is at the same time engaged in some trade or business.

It is true that the Peoples Drug Stores, Inc., was carrying on a business and petitioner was the president and directing head of it, but that did not make it his business. Cf. *Clark* v. *Burnet*, 287 U. S. 410; *Dalton* v. *Bowers*, 287 U. S. 404.

Even if it be held that the large amounts of securities bought and sold by petitioner in the years 1926 to 1931, inclusive, the figures of which are given in our findings of fact, were sufficient to constitute a business carried on by petitioner of buying and selling securities for his own account, it still remains that the sale of stock in the Peoples Drug Stores by petitioner in 1925 was not a part of such business.

As pointed out by the court in *Hutchings* v. *Burnet*, 58 Fed. (2d) 514, the phrase "carrying on a trade or business" as used in the revenue statutes bears a more restricted meaning than the general definition of what constitutes "business transactions." We think it is undoubtedly true that petitioner's sale of part of his stock in the Peoples Drug Stores in 1925 was a "business transaction" as that term is commonly used, but can it be said that the sale took place as a part of any business which petitioner was "carrying on"? We do not think so. The court in its opinion in *Hutchings* v. *Burnet*, *supra*, among other things said:

In *Lewellyn, Collector*, v. *Pittsburgh, B. & L. E. R. Co.* (C. C. A.) 222 F. 177, 185, a case relating to the excise tax imposed by Act of Aug. 5, 1909, sec. 38 (36 Stat. 112) it is said: " 'Carrying on business' does not mean the performance of a single disconnected business act. It means conducting, prosecuting, and continuing business by performing progressively all the acts normally incident thereto, and likewise the expression 'doing business,' when employed as descriptive of an occupation, conveys the idea of business being done, not from time to time, but all the time." See, also, *Mente* v. *Eisner* (C. C. A.) 266 F. 161, 11 A. L. R. 496.

In *Isaac P. Keeler*, 23 B. T. A. 467, we said: "The respondent also disallowed as a deduction from gross income of the petitioner for the year 1926, an amount of $2,000 paid by the petitioner to C. W. McGuire for services in connection with the income tax upon petitioner's income from Tilton and Keeler. This expenditure was not an ordinary and necessary business expense and the respondent's action must be approved" (citing *Charles Henry Mattlage*, 3 B. T. A. 242, and *Frank C. Hermann*, 20 B. T. A. 899).

In the *Keeler* case we also held that where petitioner, as the result of investments made in his individual capacity but in order to benefit the partnership of which he was a member, expended amounts in defense of a law suit, such expenditures were deductible from his individual gross income as ordinary and necessary expenses of his business. Petitioner contends that our holding in the above respect is authority in his favor in the instant case. We do not think so.

The deficiency which respondent determined against petitioner in the instant case for the year 1925 did not grow out of the listing of the stock of the Peoples Drug Stores on the Curb Exchange in that year. The asserted deficiency against petitioner grew out of the sale by him of some of his individually owned stock and stock warrants in the Peoples Drug Stores, and, while the sale may have been made in connection with the listing of the stock of the company on the Curb Exchange, we do not think that changes the character of the sale. It still remained a sale of petitioner's individually owned stock. The income therefrom was his individual income and we do not see where it can be held that it was income from any business which petitioner was "carrying on" within the meaning of the applicable statute. Petitioner cites in support of his contention *H. M. Howard*, 22 B. T. A. 375; *Samuel D. Leidesdorf*, 26 B. T. A. 881; and *Commissioner* v. *People's Pittsburgh Trust Co.*, 60 Fed. (2d) 187. We think these cases are distinguishable on their facts.

We, therefore, sustain respondent in his disallowance of the claimed deduction.

Reviewed by the Board.

*Decision will be entered for the respondent.*