MARJORIE LIPE STACY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78477. Promulgated April 29, 1938.

*Benjamin E. Shove, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined deficiencies of $1,715.89 for 1931 and $5,573.30 for 1932 in the petitioner's individual income tax, by including in her gross income amounts received by her as guardian of three children, and allowing certain deductions. The facts are found in a stipulation.

When petitioner's brother and his wife died in an accident in August 1929, leaving three small children, she was appointed their guardian and another was appointed guardian of their property. The father left a substantial fortune. Petitioner, with the surrogate's approval, enlarged her house and expanded her household to provide adequately and suitably for the care and maintenance of the children. Upon order of the surrogate, issued upon proper petitions, the guardian of the property paid to petitioner, as guardian of the person, $49,425.82 in 1931 and $56,111 in 1932, for support and maintenance of the wards, exclusive of amounts for medical care, clothing, toys, and other personal effects.

In each year the guardian of the property made returns and paid the proper tax upon the income of each child.

The Commissioner, in computing the individual tax of petitioner, included in her gross income the entire amounts of $49,425.82 and $56,111, and reduced them by deducting half the household expenditures and the depreciation on a portion of the house and on a car.

The amounts received by the guardian of the children were to be regarded as received by the children and not by the petitioner individually. The distinction is made clear in *Van Wart* v. *Commissioner*, 295 U. S. 112. There is no evidence that petitioner was to be paid individually for her services as guardian. She did, apparently, report as her individual income each year an amount of rent received out of the aforesaid funds, as provided in the surrogate's order. In the deficiency determination the respondent adopted this treatment of rent within her gross income, and she does not now contest the inclusion. The Commissioner was clearly in error in treating anything in addition to this as petitioner's individual income. So far as this record shows, no further amount of the children's allowance was spent by the petitioner for her individual use; although there is an ambiguous statement in the stipulation in respect of expenditures of an unascertained amount made by her from an unidentified source for the support and maintenance of herself and her immediate family. But the Commissioner has proceeded upon the incorrect method of regarding the entire amount received by her as guardian as if it had been received by her individually and therefore within her individual gross income, from which he has allowed a deduction of one-half of the expenditures made from this fund as being made for the wards, thus leaving the rest as taxable to her as if individually received by her. This entire concept of the petitioner's relation to the income and expenses of her wards is incorrect and requires a reversal of his determination that any amount in addition to the rent already included in the petitioner's income should be added.

*Judgment will be entered under Rule 50.*