GLORIA LAURA MORGAN VANDERBILT, BY THOMAS B. GILCHRIST, GENERAL GUARDIAN OF HER PROPERTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84506. Promulgated January 4, 1939.

*Clarence Castimore, Esq.*, and *J. Sims McGrath, Esq.*, for the petitioner.

*Allen T. Akin, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: In this case petitioner seeks to deduct as a business expense an item of $10,000 paid by the guardian of her property, with court approval, on account of legal services rendered to the guardian over a period of several years by a law firm of which the guardian was a member. On brief counsel for petitioner states his position to be that "the taxpayer was in business through her guardian. Therefore, the expense was an ordinary and necessary business expense and a proper deduction from gross income under the provisions of section 23 (a) of the Revenue Act of 1932."

The respondent relies strongly on *Van Wart* v. *Commissioner*, 295 U. S. 112, and *Alice G. Kales*, 34 B. T. A. 1046.

We may observe at the outset that we do not interpret *Van Wart* v. *Commissioner, supra*, to hold that in no case may an infant, acting through a guardian, be engaged in business. The case involved only a single item or activity. The Court stated: "The ward was not engaged in any business. *So far as appears* the same thing is true of the guardian." (Italics supplied.) We understand this to mean only that under the facts there present it did not appear that the guardian was engaged in business, presumptively on behalf of the infant. Instances are conceivable in which an infant, through a guardian, might be engaged in business.

The Supreme Court in the *Van Wart* case, however, stated two propositions of law that have application here: (1) A guardianship is not a taxable entity; and (2) the ward, not the guardian, is the taxpayer.

The fact that the guardianship is not a taxable entity destroys any parallelism between this case and the cases involving trusts relied on by petitioner. (*John H. Watson, Jr. et al., Trustees*, 35 B. T. A. 706; *George Vanderbilt Trust*, 36 B. T. A. 967.)

That the ward and not the guardian is the taxpayer is important in this case in view of the fact that most, if not all, of the services involved were such as would clearly be classified as purely personal in character if they had been performed at the behest of the taxpayer personally. No segregation of purely personal activities from those of a business nature was made or attempted in the record, petitioner claiming that the expenses were all incurred as guardian of the property of the infant and are accordingly deductible. The query thus arises, Are expenses personal in character, if paid or incurred by a taxpayer *directly*, converted into business expenses of the taxpayer if paid or incurred *indirectly* through a guardian?

In answer to this proposition we quote from the opinion of the Circuit Court of Appeals in *Commissioner* v. *Van Wart*, 69 Fed. (2d) 299:

* * * An allowable expense is deductible only from the income of the taxpayer. The taxpayer's expenses incurred in carrying on a business are deductible, but his personal expenses are not. As in this case the income belonged to the minor, the ward, and not to the guardian, she, and not he, was the taxpayer. The attorneys' fee was an expense of litigation which was paid out of her income. She was not engaged in any business, and therefore as to her the fee was not a business expense. If she had been of legal age and had brought the suit against the trustees of her grandfather's estate in her own right, the amount of the fee would have been a personal expense for which she would not have been entitled to any deduction from her income. *Commissioner* v. *Field* (C. C. A.) 42 F. (2d) 820; *Walker* v. *Commissioner* (C. C. A.) 63 F. (2d) 351. The fact that she was a minor makes no difference. In the matter of personal expenses, the Income Tax Law makes no distinction between a minor and an adult taxpayer; it treats them both alike. They would be treated very differently under the rule announced by the Court in the *Wurts-Dundas* Case [54 F. (2d) 515] and followed by the Board in this case. Under that rule, the cost of litigation could be deducted from the minor's personal expenses by incurring it at any time before he or she came of age, whereas, as we have seen, such cost could not be so deducted in the case of an adult taxpayer; or where there were two beneficiaries of taxable income, one a minor and the other an adult, the former would but the latter would not be entitled to deduct the same sort of personal expenses. To follow such a rule would be, as it seems to us, to recognize a difference in tax liability where none was intended or authorized by the income tax law.

We concur fully in this exposition of the law.

In view of the nature of the services performed and of the fact that no segregation is made of personal from business expenses, this would seem to be dispositive of the case.

A similar conclusion is reached if we turn to the second phase of the case and assume that an infant, acting through a guardian, may be engaged in business. Under the decided cases the activities of the taxpayer acting through the guardian were not such as to entitle it to classification as a business.

The activities were of two kinds: (1) Those clearly personal in nature; and (2) those normally incident to the investment, conservation, and protection of property. Such activities did not amount to the carrying on of a business by the taxpayer. In considering the question we need not inquire nor decide whether the guardian, as such, was engaged in business. We are concerned only with determining whether the taxpayer, through the guardian, was engaged in business, and in that consideration the same criteria as are pertinent in other cases are applicable. *Commissioner* v. *Van Wart, supra.*

In *Alice G. Kales*, 34 B. T. A. 1046, the Board stated:

The sums of money handled by the petitioner are impressive as to amount, and if the size of an individual's fortune were the determining factor in the

question as to whether or not a trade or business is carried on, this case might well be concluded in favor of the petitioner. It is not the size of a person's fortune, however, which determines that activities in connection therewith constitute the carrying on of a trade or business, but it is the use of the fortune and the nature of the activities indulged in that are most enlightening. We know of no theory which holds that the amount involved in a transaction or in a number of transactions determines the question stated. As a matter of fact, a person of small capital most often finds it necessary to use that capital in the operation or conduct of a business in order to produce income sufficient for a livelihood, while a person of large means is much more likely to realize a sufficient income from investments which require no activities in connection with the business enterprise itself, but merely the doing of those things which are necessary from an investment point of view, that is, the collecting of the dividends or interest, and such supervision as may be necessary to shift from one investment to another when safety, security, and the yield of income suggest such a course. Such activities do not partake of the nature of the conduct of a trade or business in the ordinary sense and do not, in our opinion, fall within the meaning of section 23 (a), *supra*.

We are of the opinion that the taxpayer was not engaged, either personally or through her guardian, in carrying on a trade or business.

*Decision will be entered for the respondent.*