**CITY BANK FARMERS TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE (two cases).**

Nos. 158, 159.

Circuit Court of Appeals, Second Circuit.

May 27, 1940.

Rollin Browne, George Craven, and Mitchell, Taylor, Capron & Marsh, all of New York City, for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The petitioner, a New York trust company, in September, 1923, became trustee under the will of Angier B. Duke. The will created two trusts, one for the benefit of Anthony Newton Duke, the other for the benefit of Angier B. Duke, Jr., each a son of the testator. The principal constituting the trust for Anthony Newton Duke was $3,844,663.23, and for Angier B. Duke, Jr., was $3,844,608.23.

On January 2, 1931, the Surrogate's Court of New York County made a decree in a proceeding for the settlement of the trustee's accounts for the period from February 26, 1926 to December 31, 1929, whereby that court authorized the petitioner to retain and pay to itself out of the corpus of the trust for Anthony Newton Duke $38,641.71, and out of the corpus of the trust for Angier B. Duke, Jr., $38,641.-06, as compensation for its services. The petitioner paid to itself the sums fixed by the court as commissions on principal. The amounts thus paid were not deducted by it in its income tax return for the taxable year 1931, but it now asks for a determination of overassessment because of such payments from the principal of the respective trusts. Deductions for commissions for receiving and paying out income of the trusts during the taxable year were allowed by the Commissioner and have not since been questioned.

The decedent's will provided that the trustee should hold the corpus of each trust for the designated beneficiary and collect the income thereof and apply the same to the support, education and maintenance of the beneficiary for his life and after his death for the support, education and maintenance of his lineal descendants, payments, applications and distributions during his minority to be under the control and discretion of the trustee. There were various testamentary provisions for disposing of income of the trusts not applied for support, education and maintenance and accumulated during the minority of the testator's sons.

The duties of the petitioner as trustee of the respective trusts consisted generally in causing its investment committee to review several times each year the securities comprising the corpus; selling securities and reinvesting the proceeds in other stocks and bonds; collecting interest and dividends; paying expenses of the trusts; distributing income to beneficiaries; keeping books of account; rendering statements to the interested parties and preparing and filing income tax returns.

The current diary recording the activities of the trustee in the trust for Anthony Newton Duke showed 18 items in the year 1931, while in the trust for Angier B. Duke, Jr., it showed 19 items. The investments referred to were all stocks and bonds.

The Revenue Act of 1928, in providing for deductions in computing taxable income, contains the following provisions:

"Sec. [§] 23. *Deductions from Gross Income.*

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." 26 U.S.C.A. Int.Rev. Acts, page 356.

The pertinent capital transactions in the two trusts during the year 1931 were relatively few. They consisted of sales of securities in the trust for Anthony Newton Duke to furnish sufficient cash to pay the commissions allowed out of principal by the Surrogate, an investment in tax free municipal bonds in place of $18,000 of similar bonds which were redeemed, a sale of 100 shares of stock of American Cigar Company for $7,996 and of some warrants on stock of Aluminum Ltd. for $238.10. Capital transactions in the trust for Angier B. Duke, Jr., were almost identical.

The Board of Tax Appeals, by a divided vote, sustained the Commissioner in holding that the commissions computed on receipts of and payments from the principal of the trusts were not deductible, for the reason that the trustee was not carrying on a "trade or business". We hold that in caring for the trust estate the trustee was like an individual engaged in investing his funds in stocks and bonds and that such a person cannot be regarded as engaged in business and, therefore, is not entitled to be allowed any deduction for expenses incurred in investing and supervising the estate.

The trusts of which the petitioner was trustee were family trusts of the ordinary type and though the testator gave to the trustee broad powers of investment and reinvestment and authority to retain any of the testator's investments, he added the caution "to be more careful as to the security of the funds than as to the acquisition of higher rates of interest, my desire being to have my property prudently and securely managed rather than hazarded in what may promise great gains."

In each trust a far greater amount of income was accumulated during the year 1931 than was sufficient to pay the commissions allowed by the Surrogate's Court on receipts and payments of principal. Though these commissions amounting to $38,641.71 in the trust for Anthony Newton Duke and $38,641.06 in the trust for Angier B. Duke, Jr., were actually paid out of the principal of the respective trusts, the petitioner seeks to have them allowed as deductions from the income accumulated during the year 1931 in determining the net income for that year taxable against the trustee. In spite of the fact that the allowance of such deductions from income would prima facie seem strange in view of the fact that the trustee necessarily paid

the commissions from capital, the deduction might be permissible under the statute if the commissions be regarded as ordinary expenses of one engaged in carrying on business on behalf of those beneficially interested in the trusts. The primary difficulty with allowing the deduction is that a passive recipient of income or a mere investor, either in his own capacity or through an agent, is not regarded as "carrying on any trade or business." Van Wart v. Commissioner, 295 U.S. 112, 55 S. Ct. 660, 79 L.Ed. 1336; Higgins v. Commissioner, 111 F.2d 795, decided by Circuit Court of Appeals of the Second Circuit, May 6, 1940; Kane v. Commissioner, 2 Cir., 100 F.2d 382; Miller v. Commissioner, 9 Cir., 102 F.2d 476. Whether the activities of a taxpayer are sufficient to place him in the category of one engaged in carrying on a business is largely a matter of degree. Foss v. Commissioner, 1 Cir., 75 F.2d 326. Undoubtedly the trust company, engaged as it is in administering hundreds of trusts, was carrying on a business and in computing its individual income taxes could properly claim deductions for its ordinary and necessary expenditures. But it is another thing for it to deduct from income which it has accumulated during a certain year its compensation for acting as trustee when its activities have consisted in making investments and in ordinary administration and supervision of the trusts. It was not, and one may fairly say it could not be, dealing in the trust securities like a trader in stocks and bonds. The natural and legal limitations 'of a trustee differ fundamentally from those of an active speculator and do not place such a fiduciary in the category of one carrying on a business. Refling v. Burnet, 8 Cir., 47 F.2d 859.

The case of a ward who, under the decision in Van Wart v. Commissioner, 295 U.S. 112, 55 S.Ct. 660, 79 L.Ed. 1336, is precluded from deducting legal fees paid by his guardian to recover income due his estate seems hard to distinguish from that of the petitioner in the case at bar. Neither, we think, falls within the provisions of Sec. 23(a) because ward, guardian and trustee will under ordinary circumstances fail to establish that he is carrying on a trade or business.

The chief argument against treating the petitioner like a custodian, guardian or individual investor is that by administrative practice trustees have generally been treated by the taxing authorities as carrying on a business, however limited their activities may in fact have been. But the departmental rulings relied upon by the taxpayer were not promulgated by the Secretary of the Treasury and, therefore, are of little aid in interpreting the statute. Biddle v. Commissioner, 302 U.S. 573, 582, 58 S.Ct. 379, 82 L.Ed. 431. Accordingly we are confronted with a situation where there has been no decision by the Supreme Court or by a Circuit Court of Appeals in regard to the status of a trustee who has been confined in his activities to investing the trust property, administering it in the customary manner and supervising the estate. In spite of the practice of the tax department to treat such a trustee as though engaged in business we see no rational ground for distinguishing his position from that of a guardian, custodian or individual investor, and are therefore impelled to disallow the deductions prayed for, as did the Commissioner and the Board of Tax Appeals.

Orders affirmed.