*97 OPINION.
Stbrnhagen :
The petitioner is proceeding entirely in her individual capacity, and assails the Commissioner’s determination of the deficiencies in her individual income tax. Neither her receipts nor her deductions as guardian for the Lipe children are in issue. The children are separately taxable upon their income, even though it is received for them by the petitioner as guardian; they have included the amounts in question in their returns, and their taxes are not now in controversy. The petitioner’s dual position as an individual and as a guardian must be kept clear, Van Wart v. Commissioner, 295 U. S. 112.
In determining a deficiency for each of the taxable years in question, the Commissioner has included in petitioner’s individual income the amounts of $56,099.88 for 1933, $50,806.56 for 1934, $44,900.85 for 1935, and apparently $61,233.93 for 1936, although this last amount can not be clearly identified in the copy of the deficiency notice appended to the petition. Recognizing that they were received by the petitioner from the property guardians pursuant to a surrogate’s order directing that they be applied to the care, support, and maintenance of the children, he nevertheless held that the *98 amounts were received by petitioner “as an individual in payment of services in furnishing board and lodgings, care and supervision with respect to the three minor children.” This determination by the-Commissioner is contrary to the evidence. Nothing in either the applications of the guardians of the property or the surrogate’s order-pursuant thereto recognizes a demand of the petitioner or an obligation to her for payment for her services. On the contrary, the petitioner testified, and there is other evidence to show, that she made no such demand and had no intention at any time of charging the-children for any services which she might perform. Clearly she had a right to renounce any such claim which she might have, and it is not for the Government to characterize the allowance made to her as a payment for services.
During the year 1938, as in the years prior thereto, Marjorie Lipe Stacy, 37 B. T. A. 786, petitioner treated $20,000 of the amount which she received from the property guardians as rent, and included it as such in her income on her individual tax return. She now stands by that inclusion and makes no contest of such treatment of the $20,000 by the Commissioner. She shows, however, that in-1933 or 1934 she announced her intention to make no such rent charge,, and after 1933 she omitted any such item from her individual income. This she was entitled to do. There is no obligation upon petitioner to charge rent for the occupancy of any part of the house,, and if, as an individual, she chose to permit the Lipe children to-occupy the house free of rent, no one had any power to require her to do otherwise, and the Commissioner could not properly treat her as receiving the rent which she thus disclaimed.
She did have the right, with the approval of the surrogate, to recover from the children any advance which she had made for their share of the cost of the house, provided their proportionate ownership-of the house was recognized. It has been recognized in the petitions to the surrogate and his order of March 1931 and in her letter of October 23, 1936. Apparently in the early years the petitioner was-permitted to allocate $11,111 to amortization of her outlay of the-children’s share of the cost of the house. But this was not income-to the petitioner; it was a recovery of her advance, as was any other amount which she might properly apply to such amortization.
It is still true, as the Board said in the earlier proceeding covering; 1931 and 1932, that the Commissioner’s concept of the petitioner’s-relation to the income and expenses of her wards is incorrect. The-entire amounts which she received by order of the surrogate were received by her as guardian, and as such she was accountable therefor. The only amount shown by this evidence which petitioner may be regarded as having received individually as income from the allowances made to her as guardian, was the $20,000 treated by her as- *99 rent received. This she has included in her 1933 income, and the inclusion of more than this in 1933 or any part of the allowance in 1934, 1935, and 1936 is in error. The Commissioner’s determination is reversed. There are apparently other items covered by the deficiency determinations which the petitioner does not contest.

Decision will be entered under Bule 50.