ROBERT J. HARBISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101326.   Promulgated March 21, 1941.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency of $15,443.57 in income tax for 1937. The petition alleges that the respondent erred in the determination of the deficiency by disallowing:

\* \* \* a deduction in the amount of $23,543.10, representing ordinary and necessary business expenses incurred in connection with petitioner's business and paid by him in 1937.

The petitioner is a resident of Philadelphia, Pennsylvania, and made his income tax return for 1937 to the collector at Philadelphia. In such return he deducted from gross income $23,543.10 which he claimed represented ordinary and necessary expenses of carrying on a trade or business. The deduction was disallowed by the respondent in the determination of the deficiency. In his deficiency notice the respondent stated:

(b) The item of $23,543.10, claimed as a deduction from gross income for the year 1937 and alleged to represent attorneys' and accountants' fees alleged to have been incurred in connection with the protest of additional Federal income taxes for prior years, has been disallowed. The deduction claimed, or any portion thereof, does not represent an ordinary and necessary expense of carrying on a trade or business.

The essential facts have been stipulated as follows:

3. For the years 1932 to 1937, both inclusive, the petitioner was president and a director of Harbisons' Dairies, Inc., a corporation organized in the year 1924 under the laws of the Commonwealth of Pennsylvania, and devoted substantially all of his time to its affairs.

4. Harbisons' Dairies, Inc., a corporation, is engaged in the business of milk distribution in the City of Philadelphia, Pennsylvania, and its principal office is located at Front and Diamond Streets, Philadelphia, Pennsylvania.

5. The petitioner has owned a substantial number of shares of stock of Harbisons' Dairies, Inc., since its incorporation in 1924.

6. During the year 1937 petitioner received a salary in the amount of $15,364.59, as president from Harbisons' Dairies, Inc., and in said year 1937 he received dividends on stock owned by him of said corporation in the amount of $84,450.00.

7. During the years 1932, 1934 and 1935 petitioner transferred to Harbisons' Dairies, Inc., for substantial considerations, a number of shares of his holdings in said corporation, in connection with which the Commissioner of Internal Revenue proposed deficiencies in individual income tax against petitioner for said years 1932, 1934 and 1935 in the respective amounts of $47,987.18, $27,732.90 and $26,168.22.

8. The aforesaid deficiencies proposed for the years 1932, 1934 and 1935 were contested by the petitioner. A petition for redetermination of petitioner's tax liability for the year 1932 was filed with this Board (Docket No. 83141).

9. After various conferences and discussions between the representatives of the petitioner and the Commissioner of Internal Revenue the proposed deficiencies for the years 1932, 1934 and 1935 were settled upon an agreed basis, no hearing on the merits being held on the petition filed with the Board for the year 1932.

10. In connection with settlement negotiations with respect to his individual income tax liability for the years 1932, 1934 and 1935 an amount of $7,614.30 was paid by petitioner during the year 1937 for legal and accounting fees.

11. In the return filed by petitioner for the year 1937 and in the petition filed with the Board, the amount of legal and accounting expenditures claimed as a deduction by petitioner for the year 1937 is shown as $23,543.10. Petitioner now concedes that $15,928.80, being part of the deduction of $23,543.10 claimed, was properly disallowed as a deduction by respondent in computing petitioner's net income for the year 1937.

12. The petitioner reports his income on the basis of actual cash receipts and disbursements, and his return for the year 1937 was filed on such basis.

The applicable statute is section 23 of the Revenue Act of 1936, which provides in material part as follows:

In computing net income there shall be allowed as deductions:

(a) Expenses.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

The evidence before us does not show that the $7,614.30 paid by the petitioner during the year 1937 for legal and accounting fees was in any wise connected with the carrying on of a trade or business. The disallowance of the claimed deduction is approved upon the authority of *Higgins* v. *Commissioner*, 312 U. S. 212; *Van Wart* v. *Commissioner*, 295 U. S. 112; *Malcolm G. Gibbs*, 34 B. T. A. 1028; *Monell* v. *Helvering* (C. C. A., 2d Cir.), 70 Fed. (2d) 631; *Hutchings* v. *Burnet* (App. D. C.), 58 Fed. (2d) 514, affirming 20 B. T. A. 1227.

*Decision will be entered for the respondent.*