ANNIE RATKOWSKY, AN INCOMPETENT, DOUGLASS NEWMAN, HILDA MATZ AND IRVING ROGERS AS COMMITTEE OF HER PERSON AND PROPERTY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101997. Promulgated April 10, 1941.

*Joshua Edelman, Esq.*, for the petitioners.
*Henry C. Clark, Esq.*, for the respondent.

158

## OPINION.

Van Fossan: The first issue for our determination is whether or not incompetent is entitled to a personal exemption as head of a family in the taxable year. The applicable provision of the statute is section 25 (b) (1) of the Revenue Act of 1936.

Petitioners contend that, since incompetent supported her dependent children, and her right to provide for the children was based upon legal and moral obligations, she is entitled to the exemption. They maintain that, although incompetent did not support them within one household, force of circumstances required her to be separated from her family. Respondent argues that incompetent was

not in any sense a head of the family, since she spent most of the time after 1929 in various sanitaria and was physically and mentally incapable of looking after herself.

The statute does not define "a head of the family." Respondent's Regulations 94, article 25–4,[1] however, gives a definition of an individual who may be entitled to a personal exemption as a head of the family. We have considered this regulation and similar regulations under prior revenue acts and have held them to be a fair interpretation of the respective statutes. *Charlotte Hoskins*, 42 B. T. A. 117; *Alfred E. Fuhlage*, 32 B. T. A. 222.

In our opinion incompetent was not a head of the family within the meaning of the statute. She maintained no home in the taxable year. This is perhaps sufficient to deny the exemption. *Florence W. Hunt*, 35 B. T. A. 1042. Further, it seems clear that an individual claiming the exemption must have a right to exercise family control. The legal proceedings in which Mrs. Ratkowsky's incompetence was declared deprived her of any right to exercise family control. Moreover, the incompetent was mentally incapable of exercising such control. Respondent is sustained on this issue.

The final issue is whether or not incompetent was entitled to a deduction from gross income of expenditures relating to the incompetency proceedings and other payments made pursuant to court order.

The incompetent was not engaged in a trade or business. The claimed deduction for expenditures, therefore, is not allowable on that ground. *Commissioner* v. *Linderman*, 84 Fed. (2d) 727; certiorari denied, 299 U. S. 589; *Van Wart* v. *Commissioner*, 295 U. S. 112. The fact that an early office decision of the Bureau of Internal Revenue (I. T. 2238, C. B. IV–2, p. 49) was favorable to petitioners is not determinative. *Higgins* v. *Commissioner*, 312 U. S. 212. Moreover, petitioners have made no argument that there was a detrimental reliance on respondent's early ruling. We know of no ground on which the claimed deductions are allowable. *Commissioner* v. *Linderman, supra*.

*Decision will be entered for the respondent.*

---

[1] ART. 25–4. *Personal exemption of head of family.*—A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Act must depend on the character of the separation.