ESTATE OF ELIZABETH FELT, RAYMOND J. KOCH, CONSERVATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100713.   Promulgated May 27, 1941.

*Albert E. Ford, Esq.,* for the petitioner.
*E. G. Sievers, Esq.,* for the respondent.

OPINION.

HARRON: Petitioner contends that by reason of the fact that it is incumbent upon the conservator of the property of Elizabeth Felt to preserve, enhance, and manage her estate and to invest and reinvest the funds and income therefrom, under the laws of the state of Illinois, Illinois Rev. Stat., 1935, ch. 86, secs. 1 to 57, that the conservator, in carrying out his duties, is thereby carrying on a trade or business within the purview of section 23 (a) of the Revenue Act of 1936, and that he is entitled to deduct as ordinary and necessary business expenses the total fees paid in 1937 in the amount of $9,373.75. The contentions of the petitioner are twofold; first, that the duties of the conservator in administering the estate of his ward constitute the carrying on of a trade or business, and, second, that the activities of looking after the status of investments, reinvesting capital, and investing surplus funds constitute the carrying on of a trade or business.

Respondent contends that Elizabeth Felt, the taxpayer, was not engaged in a trade or business, through the conservator, but that she was a passive investor and that the management of the estate by the conservator, the incidental changing of investments, and the investment of surplus funds did not constitute carrying on a trade or business. Respondent relies on *Van Wart* v. *Commissioner*, 295 U. S. 112; *Higgins* v. *Commissioner*, 111 Fed. (2d) 795; affd., 312 U. S. 212; *Foss* v. *Commissioner*, 75 Fed. (2d) 326; *Kane* v. *Commissioner*, 100 Fed. (2d) 382.

A guardian or committee of an incompetent person is not a taxable person under the statute. *William S. Linderman, Executor*, 28 B. T. A. 113, 117. The conservator in this case serves in no really different capacity than as a guardian and it is only a matter of terminology that he is called a conservator. He is a fiduciary, required to file an income tax return and pay income tax for his ward, but the estate of the ward is not a taxable entity and the estate of the ward thereby differs from the estate of a trust or of a deceased person. Regulations 94, art. 161–1, p. 349; art. 1001–9, p. 469. The incompetent person, the ward, is the taxpayer. For purposes of the issue here, the ward of a guardian or conservator has no different status than a minor under a guardianship. The rules, therefore, applying to deductions allowable to an individual

taxpayer apply in the determination of whether an incompetent taxpayer under a guardianship or conservatorship is entitled to business expense deductions. The rationale of *Van Wart* v. *Commissioner*, *supra*, applies here. The question is whether or not the ward, through the conservator, was engaged in carrying on a trade or business. In the *Van Wart* case the Court stated: "The ward was not engaged in any business. So far as appears, the same thing is true of the guardian." The burden of proof upon the petitioner is to show that the ward or the guardian on her behalf was engaged in carrying on a trade or business. To meet that burden of proof the same type of proof must be presented as is required in the case of an ordinary individual who asserts that he is engaged in carrying on a trade or business.

It has been found that in 1925, under the Revenue Act of 1924, there was a ruling made by the Bureau of Internal Revenue, C. B. IV–2, I. T. 2238, p. 49, holding that fees, commissions, and other compensation of committees for incompetent persons and expenses properly incurred by such committees are allowable deductions, as business expenses, if paid or incurred with respect to the management or conservation of income-producing property belonging to the incompetent. As far as can be ascertained that ruling has not been revoked or revised. However, the Commissioner and the Secretary of the Treasury have never approved a regulation to the same effect as the above ruling. It may be that it has been the administrative practice in the past to allow as business expense deductions to a taxpayer who is a ward of a guardian the fees and expenses of the guardian paid or incurred in managing the estate of the ward. But, since the ruling of the Bureau of Internal Revenue referred to was not promulgated by the Secretary of the Treasury, it is of little aid in interpreting the statute. *Biddle* v. *Commissioner*, 302 U. S. 573; *Helvering* v. *New York Trust Co.*, 292 U. S. 455, 467, 468.

The first question is whether or not being a guardian or conservator, both terms meaning the same thing here, is doing a business, or whether the activities of the conservator in carrying out his duties of managing and conserving the estate of his ward constitute carrying on a business of conserving and managing the estate. In the past several courts have taken the view that trustees, executors, or guardians, in carrying out their traditional duties of managing and conserving the estate in their control in order to produce and conserve income and property for a beneficiary or a ward, were engaged in the business of doing all of those things. The court in *Commissioner* v. *Wurts-Dundas*, 54 Fed. (2d) 515, 516, allowed deductions of attorneys' fees for legal services to a guardian of a minor because the expense paid was held "to enable it to perform those duties (of a guardian) in the furtherance of *its business in doing its work as*

*a guardian.*" (Italics supplied.) The court regarded the necessity for the guardianship as making a business out of a guardianship. This view was apparently rejected by the Circuit Court of Appeals for the Fifth Circuit in *Commissioner* v. *Van Wart*, 69 Fed. (2d) 299,[1] and because of conflict between these decisions the Supreme Court of the United States granted certiorari in the *Van Wart* case. The Supreme Court held that the ward of the guardian was not engaged in any business and said that it appeared that the same thing was true of the guardian. *Van Wart* v. *Commissioner, supra.* It is clear that the Supreme Court, in the *Van Wart* case, rejected the view that being a guardian in itself constitutes doing a business. The Court of Claims, in *Pyne* v. *United States*, 35 Fed. Supp. 81, adopted the view that the executors of the estate were engaged "in the business of conserving the estate and protecting its income", and allowed deductions as business expense attorney's fees. In *United States* v. *Pyne*, 313 U. S. 127, the Supreme Court reversed the Court of Claims. The Supreme Court pointed out a technical feature, a lack of an ultimate finding of fact by the Court of Claims that the executors were engaged in carrying on a business, and the Court indicated thereby, we believe, that it must be proved and found as a fact that the fiduciary, be he an executor, trustee, or guardian, is carrying on a *business* in the sense that the statute prescribes by the clause "carrying on a trade or business", in order that expenses may be deducted. And the Court clearly pointed out that such a finding can not be supported merely by a statement that a fiduciary is engaged "in the business of conserving the estate and protecting its income." The Court said:

> Such activities are the traditional duty of executors. Executors who engage actively in trade and business are the exception and not the rule. * * * But in the absence of evidence showing activities coming within the general acceptation of the concept of carrying on a trade or business, it cannot be said as a matter of law that an executor comes into this category merely because he conserves the estate by marshalling and gathering the assets as a mere conduit for ultimate distribution. * * *

See also, *City Bank Farmers Trust Co.* v. *Helvering*, 313 U. S. 121, affirming *City Bank Farmers Trust Co.* v. *Commissioner*, 112 Fed. (2d) 457, in which the Circuit Court of Appeals for the Second Circuit took the view that there is no rational ground for distinguishing the position of a trustee of a testamentary trust from that of a guardian, custodian, or individual investor, in considering whether or not any of the above types of fiduciary is carrying on a business when doing no more than carrying out their respective, traditional duties. The Circuit Court pointed out that:

---

[1] In the *Van Wart* case the expense in question was held to be a personal expense. The court said (p. 300), "Whether or not being a guardian is doing business, it is unnecessary to decide."

The natural and legal limitations of a trustee differ fundamentally from those of an active speculator and do not place such a fiduciary in the category of one carrying on a business. * * * The case of a ward * * * seems hard to distinguish from that of the petitioner * * *. Neither, we think, falls within the provisions of section 23 (a) because ward, guardian and trustee will under ordinary circumstances fail to establish that he is carrying on a trade or business.

From the above cases it appears to be established with a great degree of certainty that the carrying out of the ordinary duties of a conservator does not in itself constitute carrying on a business or that there is no "business" of being a conservator of an estate of a ward, as the term "business" is used in section 23 (a). Koch, conservator, was not engaged in a business solely because of his activities as conservator.

We come then to the second and real question. Was Koch, or was Elizabeth Felt through him, engaged in carrying on a business within the meaning of section 23 (a)? His activities in making reports to and filing petitions with the Probate Court of Cook County, and in having income tax returns prepared and filed certainly did not amount to carrying on a business. Such activities were routine duties. Koch was on the board of directors of the Felt & Tarrant Manufacturing Co. because of his ward's stockholdings in that company, but the record contains no information whatever as to what this service entailed. Koch did not have to collect interest and dividends, which was done by the Northern Trust Co. The only remaining point is whether or not Koch's reinvestment of capital from redemptions of bonds and his investment of surplus funds constituted carrying on a trade or business. Koch testified that there were about 125 different issues of securities in the estate and that he watched the status of all and changed investments wherever it appeared that the investment was becoming doubtful or bad. He is limited by law to making investments in United States bonds or bonds of any state, county, city, or municipality, and certain kinds of loans, all subject to the approval of the Probate Court. Illinois Rev. Stat., 1935, ch. 86, sec. 18, p. 2037. He testified that the number and aggregate amount of the purchases of securities in 1937 was unusual because Liberty bonds in the face amount of about $96,700 were called in 1937. It appears that in each year there were surplus funds in a large amount to be invested because the annual costs of maintaining the ward were around $9,000 and income from dividends and interest probably was about $100,000, if the year 1937 may be taken to be a typical year. The guardian was required by law to keep all funds of his ward invested or out on interest under court approval. His investment activities were, of course, a part of his prescribed duties. In short, Koch, the guardian and conservator, as a fiduciary, did no more than invest and reinvest the funds of his

ward within the prescribed legal limitations and these activities were no other than an individual ordinarily does in exercising reasonable care in preserving his investments and investing his money from an investment point of view. The only expenses involved were the fees paid in connection with the custodian's collection of income, and the conservator's fees and charges of an accountant in connection with preparation of the income tax return. These are not indicative of expenses of a "business." The ward, Elizabeth Felt, obviously, was not engaged in any business.

It now is settled by a preponderance of authority that the investing and reinvesting of assets by an individual himself or by a fiduciary on behalf of an estate, under such facts as are present here, do not constitute carrying on a business. The authorities are cited here and are followed: *Bedell* v. *Commissioner*, 30 Fed. (2d) 622; *Higgins* v. *Commissioner*, *supra;* *Foss* v. *Commissioner*, *supra;* *Kane* v. *Commissioner*, *supra;* *Miller* v. *Commissioner*, 102 Fed. (2d) 476; *White Trust* v. *Commissioner*, 119 Fed. (2d) 619; *City Bank Farmers Trust Co.*, *Trustee*, 39 B. T. A. 29; affd., 112 Fed. (2d) 457; affd., 313 U. S. 121.

It is held that neither the taxpayer nor the conservator was engaged in carrying on a business and that the expenses of the conservator are not deductible as business expenses under section 23 (a).

*Decision will be entered for the respondent.*

