## WOOTEN et ux. v. UNITED STATES.

### No. 76.

District Court, N. D. Texas, Abilene Division.

Oct. 27, 1941.

Wagstaff, Harwell, Douthis & Alvis, of Abilene, Tex., for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and O. W. Hammonds, Sp. Assts. to the Atty. Gen., and Clyde O. Eastus, U. S. Atty., and Frank Potter, Asst. U. S. Atty., both of Fort Worth, Tex., for the Government.

DAVIDSON, District Judge.

This case was submitted upon written stipulations of fact. The action is brought by the plaintiff, H. O. Wooten and wife, to recover certain income tax paid under protest in the year 1932, growing out of the refusal of the Treasury Department to allow him the benefit of certain losses claimed for 1931, which losses were computed and sought to be deducted from the income of the latter year.

The stipulations are, substantially, that about the year 1898 Mr. Wooten engaged in the wholesale grocery business at Abilene, Texas, the same being later incorporated, with Mr. Wooten as president, and to which he devoted practically all of his time until 1913. The business prospered and the organization grew. By 1920 Mr. Wooten had made numerous business investments, and although remaining president of the Wooten Grocery Company at a

nominal salary of $150 a month, was consulted only on important policies and matters relative to the company, the active, detailed management being in the hands of others.

From 1920 to 1931 the plaintiff made numerous investments in stocks and real estate. The stocks were not purchased upon a stock exchange, but were stocks in local enterprises concerning which it appears the plaintiff possessed a personal knowledge. Practically all of his time since the year 1920 has been devoted entirely to looking after his personal properties, including real estate, rentals and investments in stocks in corporations, in some of which he became an investor from the inception of the corporation. His revenues from such properties have been reflected on his Federal income tax returns for many years. At the time all the investments herein referred to were made by Mr. Wooten, they were entered into for profit. Since 1920 Mr. Wooten has been engaged in no other business activities than above stated, and in 1931 the total value of the community property exceeded $1,000,000, about fifty per cent of which was in stock holdings.

The question to be determined under the stipulations is, was the character of the investments made by H. O. Wooten, and his connection with same of such a nature or character as to constitute "a business."

Revenue Act of 1932, c. 209, 47 Stat. 169:

"§ 23. Deductions from Gross Income.
"In computing net income there shall be allowed as deduction:

\*　　\*　　\*　　\*　　\*

"(e)　Losses by Individuals. Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or　\*　\*　\*"

26 U.S.C.A. Int.Rev.Acts, page 490:

"§ 117, Net Losses.

"(a)　Definition of 'Net Loss.' As used in this section the term 'net loss' means the excess of the deductions allowed by this title over the gross income, with the following exceptions and limitations:

"(1)　Non-business deductions. Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business." 26 U.S.C.A. Int.Rev. Acts, page 524.

Whether the activities of a taxpayer constitute the carrying on of a business is largely a matter of degree. City Bank Farmers Trust Co. v. Commissioner, 2 Cir., 112 F.2d 457.

The determination of the issue, in the light of the facts in this case, like that of other issues similarly presented, must be considered in the light of the particular circumstances and surroundings, and upon its own merits, and words not specifically defined by statute will be accepted in their usual and ordinary meaning.

H. O. Wooten had been engaged in the grocery business actively until 1913. This business included the buying and assembling of vast stocks of merchandise in the nature of groceries, and the sale and distribution to retailers and others of such stocks so assembled. This, we will say, constituted "a business."

A merchant who looks after his store is engaged in the mercantile business. A planter who looks after his farm is in the farming business. A banker who actively aids in conducting the affairs of his bank is engaged in the banking business. Men may be engaged in one or more business activities at the same time.

"When the expression 'trade or business' is used in the statute in connection with losses it would seem to refer to a regular occupation or calling of the taxpayer, for the purpose of livelihood or profit. This is one of the accepted definitions of the term 'business' and is probably its most usual legal sense." Prentice-Hall Federal Cumulative, 1918–1933, page 13707.

It appears that H. O. Wooten, from and after 1920, had a community estate of approximately $1,000,000, about $500,000 of which came under the head of investments. Most of his time was devoted to these investments. Investments in this case consisted in the purchase and development of local real estate interests, and stocks in local corporations. One may take such an active interest in the making and handling of his investments that it becomes a business operated for profit, just as much as the buying and selling of merchandise. We can readily see a vast difference between

investments made upon a stock exchange and investments made upon firsthand information procured by the investor. The buyer upon the exchange considers the rating and reputation of the stock and its standing in the market. He does not concern himself with the knowledge, or the acquisition of information, as to the methods of the successful operation of the business. The investor who buys locally must of necessity, in order to buy, gather information as to the successful operation and management of the company wherein he makes his purchase of stock. The making of these investigations, the necessary observation and keeping in touch with the management of these corporations, and the knowledge of the personnel and their business reputations all enter into the activities of the local investor.

A successful investor in local properties knows his facts just as a successful cross-examiner knows the facts of the case that he is trying. The more he knows about it, the better he handles it. The stipulation recites that H. O. Wooten had, since 1920, devoted practically all of his time to looking after his investments, including real estate, rentals, and investments in stocks of corporations, in some of which he became an investor from the inception of the corporation. The successful buying and selling of stock may be a business just as much as the buying of merchandise. The question after all is, has the taxpayer devoted his time to it with the idea of making profit.

Under the stipulations, judgment will be entered for the plaintiffs.